IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 10, 2002

## STATE OF TENNESSEE v. KERWIN DOWELL

**Direct Appeal from the Circuit Court for Montgomery County**
**Nos. 38236, 39149     Michael R. Jones, Judge**

---

**No. M2001-00970-CCA-R3-CD - Filed April 22, 2002**

---

### ORDER

Defendant appeals the length of his sentences on four counts of aggravated burglary. We affirm pursuant to Rule 20, Rules of the Court of Criminal Appeals.

On June 10, 1997, defendant pled guilty to aggravated burglary and received judicial diversion. *See* Tenn. Code Ann. § 40-35-313(a)(1)(A). Shortly thereafter, he committed three additional aggravated burglaries and was arrested on a revocation warrant for the original charge. On January 15, 1998, defendant pled guilty to the latter three aggravated burglary charges with the trial court to determine the sentence. Pending sentencing on these three charges as well as disposition of the judicial diversion revocation, defendant was granted furlough on March 2, 1998, to attend a drug treatment program. Defendant fled from the program, went to Oregon, and was extradited back to Tennessee in January 2001.

On April 10, 2001, the trial court revoked judicial diversion on the original aggravated burglary and sentenced the defendant to four years. *See* Tenn. Code Ann. § 40-35-313(a)(2). On that same date, the trial court sentenced the defendant for the remaining three aggravated burglaries to concurrent five-year terms to run consecutively to the four-year term, for a total effective sentence of nine years.

The presentence report reflected, and the defendant admitted, the following prior criminal convictions: felony bad checks in 1988, felony drug conviction in 1990, contributing to the delinquency of a minor in 1995, and felony aggravated assault in 2000.

The state did not seek Range II punishment; therefore, the defendant faced not less than three years nor more than six years on each of these Class C felony offenses as a Range I standard offender. *See* Tenn. Code Ann. § 40-35-112(a)(3). The trial court applied one enhancement factor to the first aggravated burglary conviction; namely, a history of prior criminal convictions. *See*

Tenn. Code Ann. § 40-35-114(1). As to the other three aggravated burglary convictions, the trial court applied the following enhancement factors: history of prior criminal convictions, prior unwillingness to comply with conditions of release, and offenses committed while on probation. *See* Tenn. Code Ann. § 40-35-114(1), (8), (13)(C). The trial court mitigated all offenses based upon the lack of risk of serious bodily injury and the fact that the defendant had been a productive citizen in Oregon. *See* Tenn. Code Ann. § 40-35-113(1), (13). The trial court set defendant's sentences at four years for the first aggravated burglary and five years each for the remaining aggravated burglaries.

The trial court found that partial consecutive sentencing was appropriate due to defendant's extensive prior criminal history and the latter three aggravated burglaries were committed while the defendant was on probation. *See* Tenn. Code Ann. § 40-35-115(b)(2), (6). The trial court rejected alternative sentencing based upon defendant's long history of criminal conduct and less restrictive measures had proven unsuccessful. *See* Tenn. Code Ann. § 40-35-103(1)(A), (C). The trial court imposed a total effective sentence of nine years.

Although the defendant generally alleges his sentences are excessive, his only specific argument is that the trial court improperly considered his prior convictions since certified copies of those convictions were not introduced. *See* Tenn. Code Ann. § 40-35-209(b). However, the prior convictions were listed in the presentence report, and defendant voiced no objections to the introduction of the report. The presentence report is considered to be reliable hearsay, making it unnecessary in most instances to introduce certified copies of convictions. State v. Adams, 45 S.W.3d 46, 59 (Tenn. Crim. App. 2000). In addition, defendant admitted to each prior conviction during his testimony. This issue lacks merit.

In this case the trial court's findings were exemplary and met all the requirements of the Criminal Sentencing Act as to setting the length of the sentences, determining the consecutive nature of the sentences, and in denying alternative sentencing. There is no basis for this court to disturb the sentences imposed by the trial court. Accordingly, it is ORDERED that the judgment of the trial court be affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals. Costs are taxed to the state since defendant is indigent.

_____
JOE G. RILEY, JUDGE


_____
NORMA MCGEE OGLE, JUDGE


_____
ALAN E. GLENN, JUDGE